

FILED

NOV 2 9 2017

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.                                                        CRIMINAL ACTION NO. 2:17cr114

RICHARD ALLEN PATTERSON,

Defendant.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant Richard Patterson's Motion to Suppress. Defendant has filed a Memorandum in Support of his Motion, ECF Nos. 22, 44-45, and the Government filed its response, ECF Nos. 29, 48. Defendant did not file a reply. Defendant seeks to suppress a search warrant and any and all evidence or leads derived from the search conducted on or about June 30, 2017. The Court held a hearing on this matter on November 22, 2017. ECF No. 63. The Court narrowed the scope of the hearing to address the third issue presented in Defendant's Motion to Suppress. For the reasons discussed below, Defendant's Motion to Suppress is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 5, 2017, Norfolk-based agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") received an anonymous email tip about someone in the area violating federal firearms laws. The tip stated that Defendant was a felon and illegally selling firearms he owned. An ATF agent verified the tip by checking Defendant's criminal history to confirm that Defendant was a convicted felon. Agents also confirmed that Defendant sold firearms online

1

and Defendant sold guns that traveled in interstate commerce, an element of the crime of being a felon in possession of a firearm. On June 21, 2017, ATF undercover agents discussed purchasing firearms from Defendant at his dog business. On June 29, 2017, an agent applied for a warrant to search Defendant's property, which included his residence and business. On June 29, 2017, Magistrate Judge Leonard authorized the search warrant. Judge Leonard signed the warrant and mistakenly dated the deadline for the execution of the warrant as "June 13, 2017" instead of "July 13, 2017." Agent Ivone and the Government were present when Judge Leonard authorized the warrant but did not catch the error. On June 30, 2017, agents executed the warrant at Defendant's property, recovering ammunition, firearm parts, and firearm accessories throughout the house, including a box of ammunition in the master bedroom right next to Defendant's court documents listing his status as a convicted felon. Agents also seized 16 firearms from the safe in the residence.

After the initial search and seizure conducted pursuant to the challenged search warrant, on July 10, 2017, ATF secured additional warrants to search the electronic media devices seized at the residence for evidence of the charged crimes. While reviewing the devices, agents discovered two videos of Defendant and his wife engaging in bestiality with one of their dogs. Since bestiality is a state crime and not a federal crime, an agent alerted the Suffolk authorities about the videos found during the search. A Suffolk police detective then sought and received a state search warrant for the video files. The Suffolk Commonwealth Attorney's Office is currently evaluating potential charges against both Defendant and his wife based on the videos.

On July 11, 2017, an agent spotted the error of the date on the search warrant. The next day, an agent returned the warrant and an inventory of the items seized from Defendant's

property to Judge Leonard to bring the error to Judge Leonard's attention. Judge Leonard then corrected the error by changing "June" to "July," initialed the date, and filed the updated warrant.

On August 6, 2017, Defendant's wife sold Defendant's business to an associate for free. While signing the documents, Defendant's wife told her associate that proving the existence of a second business address not mentioned in the June 30th federal search warrant at issue would invalidate the search warrant and allow Defendant to go free. That same day, Defendant's wife filed a "Statement of Change of Registered Office and/or Registered Agent Change" and a "Statement of Change of the Principal Office Address of a Limited Liability Company" with the Virginia State Corporation Commission. Defendant and his wife re-registered the business address to a new location after execution of the search and before the suppression hearing motion Defendant filed.

On September 21, 2017, Defendant was indicted on seven counts pursuant to a superseding indictment (one count of Conspiracy to Commit Felon in Possession of a Firearm and Firearms, four counts of Felon in Possession of Firearms, and one count of Obstruction of Justice). ECF No. 30. On October 6, 2017, Defendant pled Not Guilty before Judge Leonard and his status in custody continued. ECF No. 35. Defendant's Motion to Suppress and Motion to Adopt Previously Filed Motion to Suppress were filed on August 29, 2017, and October 27, 2017, respectively. ECF Nos. 20, 44. The Government's Amended Response and its Motion to Adopt Previously Filed Motion to Suppress Response were filed on September 11, 2017, and November 1, 2017, respectively. ECF Nos. 29, 48. Defendant did not file a reply. The Jury Trial is set for December 12, 2017.

## II. LEGAL STANDARD

In deciding a motion to suppress, the district court is empowered to make findings of fact, and conclusions of law. *United States v. Stevenson*, 396 F.3d 538, 541 (4th Cir. 2005) (citations omitted). "At a hearing on a motion to suppress, the credibility of the witness and the weight to be given the evidence, together with the inferences, deductions and conclusions to be drawn from the evidence, are all matters to be determined by the trial judge." *United States v. McKneely*, 6 F.3d 1447, 1452-53 (10th Cir. 1993); *see United States v. Massey*, 257 F. App'x 662, 664 (4th Cir. 2007); *Columbus-Am. Discovery Group v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 567 (4th Cir. 1995). As a general rule, the burden of proof is on the defendant who seeks to suppress the evidence. *United States v. Dickerson*, 655 F.2d 559, 561 (4th Cir. 1981). Once the defendant establishes a basis for his suppression motion, the burden shifts to the government. *United States v. Matlock*, 415 U.S. 164, 177-78 n.14 (1974).

## III. DISCUSSION

### A. Whether a Drafting Error of the Execution Deadline of a Search Warrant Renders a Search Warrant "Defective as a Matter of Law."

A minor drafting error and date discrepancy of the execution deadline of a search warrant does not render a search warrant defective as a matter of law.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A warrant should be (1) issued by a neutral and detached magistrate, (2) contain a particular description of the place to be searched and the persons or things to be seized, and (3) the warrant should be based upon probable cause, supported by oath or affirmation. *Id.*; *United States v. Clyburn*, 24 F.3d 613, 617 (4th Cir. 1994).

According to Federal Rule of Criminal Procedure 41, a warrant must command an officer

to execute a warrant within a specified time no longer than 14 days. Fed. R. Crim. P. 41(e)(2)(A)(i). Minor date discrepancies do not undercut "the magistrate judge's reasonable conclusion that the home of [the defendant] likely contained evidence of a crime." *United States v. Bynum*, 604 F.3d 161, 165 (4th Cir. 2010). According to the *Leon* good-faith exception, a warrant should be upheld when "officers reasonably relied on a warrant issued by a detached and neutral magistrate." *United States v. Gary*, 528 F.3d 324, 329 (4th Cir. 2008) ("[A]n error so minor that it is not caught by the police, the magistrate, or counsel on either side does not render the warrant entirely deficient."); *see also United States v. Leon*, 468 U.S. 897, 922 (1984).

Defendant argues that the search warrant in this case is defective as a matter of law because the search warrant was executed more than 14 days from the date designated in the search warrant. On paper, the warrant stated that the executing officers were "commanded to execute this warrant on or before June 13, 2017." ECF No. 21 at 3. Defendant notes—based on the June 13, 2017 deadline—that officers were to execute the warrant by June 27, 2017. *Id.* However, officers did not execute the warrant until June 30, 2017, which was three days after the June 27, 2017 execution deadline for the warrant. *Id.* Defendant argues that the search warrant is defective as a matter of law because the warrant was not executed within the 14 day deadline pursuant to Federal Rules of Criminal Procedure. Defendant also states that the warrant is defective as a matter of law because the warrant was issued on June 29, 2017, but expired two days prior, on June 27, 2017.

The Government argues that the minor date discrepancy on the search warrant does not declare the search warrant defective as a matter of law. The Government states that the error was unintentional because the magistrate judge simply wrote "June" instead of "July." The Government further contends that "no judge would intentionally set the deadline for execution of

a warrant before the date the warrant was issued." ECF No. 29 at 12. Additionally, the Government specifically states that "the agent who executed the search warrant brought the error to the Magistrate Judge's attention, and the Magistrate Judge then immediately corrected the error and filed the corrected warrant, eliminating any perceived error." *Id.* Most importantly, the Government argues that the date discrepancy does not undercut the magistrate judge's determination that probable cause rested on the actual facts of the case. Specifically, "there is no dispute that the ATF agents had 'probable cause to believe there was illegal conduct,' that 'the magistrate considered the facts as known to' the agents, and that [the magistrate judge] 'agreed.'" *Id.*

The Court finds that the search warrant is not defective as a matter of law because of the Magistrate Judge's minor date discrepancy in the warrant. The error with the date of the warrant did not undermine Judge Leonard's probable cause determination. It is reasonable to believe that Judge Leonard meant to write "July" instead of "June" on the search warrant; and once this error was made known, Judge Leonard immediately corrected the error and filed the corrected warrant. Additionally, the warrant should be upheld pursuant to the good-faith exception because the officers correctly and reasonably relied on a warrant issued by Judge Leonard, a detached and neutral magistrate.

Thus, the minor technicality does not, as a matter of law, render the search warrant defective.

## B. Whether the Search of An Electronic Hard Drive for Evidence of Firearms Crimes went Beyond the Scope of the Search Warrant.

The search of an electronic hard drive that resulted in the discovery of another crime did not go beyond the scope of the search warrant authorizing the search and seizure of crimes relating to firearms.

A search warrant must require a particular description of items to be seized and the locations to be searched by authorities. *Coolidge v. New Hampshire*, 443 U.S. 403, 467 (1971). When a search warrant authorizes officers to conduct a search of digital media and hardware for evidence related to the designated crimes, "to conduct that search, the warrant impliedly authorized officers to open each file on the computer and view its contents, at least cursorily, to determine whether the file fell within the scope of the warrant's authorization." *United States v. Williams*, 592 F.3d 511, 521 (4th Cir. 2010) (explaining that agents are not limited to only reviewing the files' designation or labeling because designations or labeling of files on a computer can easily be manipulated to hide their substance). "Once it is accepted that a computer search must, by implication, authorize at least a cursory review of each file on the computer, then the criteria for applying the plain-view exception are readily satisfied." *Id.* at 522. The plain-view exception justifies the seizure of evidence found during a search "when the officer then comes upon [evidence of another crime], [and] it becomes 'immediately apparent' that its possession by the computer's owner is illegal and incriminating." *Id.* (quoting *Horton v. California*, 496 U.S. 128, 136 (1990)).

Defendant argues that the search and seizure of a hard drive/digital storage device exceeded the scope of the items described to be searched and seized in the search warrant executed by officers. Defendant states that the hard drive searched exceeded the scope of the search warrant because the evidence found on the hard drive did not relate to firearms or firearms laws/violations. Specifically, Defendant contends that the hard drive searched and seized "had absolutely nothing to do with firearms of federal firearms laws/violations, but, rather, solely contained personal, intimate videos and related materials utterly irrelevant and immaterial to firearms and firearms laws/violations." ECF No. 21 at 6.

The Government argues that the plain-view exception to the warrant requirement authorized agents to seize the bestiality videos found on the electronic storage devices searched and seized by agents. The Government states that the videos Defendant seeks to suppress are videos of Defendant and his wife having sex with a dog. ECF No. 21 at 15. The Government also mentions that "the electronic media at issue was seized pursuant to the challenged search warrant and searched pursuant to that warrant and a second warrant secured in an abundance of caution." *Id.* The Government also argues that a warrant "does not become invalid *post hoc* if (a) no evidence of a crime is found, or (b) evidence of a different crime is found." *Id.* Once agents found evidence of a different crime, the agents contacted the appropriate jurisdiction to report it; and that jurisdiction subsequently sought out its own warrant to seize the contraband videos.

The Court finds that the agents were authorized, by the search warrant, to investigate Defendant's electronic storage devices because of the plain-view exception to the warrant requirement. Defendant's argument that agents should have turned a blind eye, during the execution of their search, to other crimes they found outside the scope of the targeted federal crimes is erroneous. Based on the plain-view exception, agents were authorized to search and seize evidence they found on the electronic storage devices that pertained to other unrelated crimes. The videos they found of bestiality were within the bounds of the search warrant, and the agents properly alerted the appropriate authorities to seize the evidence based on a lawful state search warrant.

Thus, the discovery of another crime on the hard drive did not exceed the scope of the search warrant authorizing the search and seizure of crimes relating to firearms.

**C. Whether the Items Searched and Seized went Beyond the Scope of the Search Warrant.**

The items searched and seized from Defendant's residence and business should not be suppressed because the search and seizure did not go beyond the scope of the search warrant.

Federal Rule of Criminal Procedure 41 requires that a warrant must particularly identify the property that must be searched. Fed. R. Crim. P. 41(e)(2)(A). To challenge the validity of a search warrant, a court must determine whether the warrant "established a 'fair probability' that a search of the premises might uncover evidence of [criminal conduct]." *Bynum*, 604 F.3d at 165.

Defendant argues that the items searched and seized at a second business address, not listed in the search warrant, should be suppressed. Specifically, Defendant notes that "on June 29, 2017, upon application by the Government, a Search and Seizure Warrant was issued by this [c]ourt for the defendant's 'residential and business address of [Address A- Redacted], Suffolk, Virginia 23438.'" ECF No. 21 at 7. The warrant did not mention the search and seizure of any evidence from a second business address in Suffolk, Virginia, and exceeds the scope of the search warrant. According to Defendant, the second and proper business address was a 2247 address found in Suffolk, Virginia, and not a 2243 address found in Suffolk, Virginia.

The Government argues that the search warrant properly described the registered business address at the time of the search and provided a specific description of the property searched. The Government makes it clear that the true matter at issue is that Defendant and his wife tried to attempt to invalidate the search warrant by changing Defendant's business address after the search was executed. The Government states that they were only made aware of the existence of another business address when "the defendant's wife changed the business's registered address from the address listed on the warrant to that second address roughly a month

after the warrant's execution, and a day after telling an associate that the defendant planned to move to suppress the warrant based on its failure to list the second address." ECF No. 29 at 18. Notwithstanding this claim, Counsel stated during the hearing that no evidence was searched or seized from a 2247 Suffolk address, the alleged second business address. Accordingly, he conceded, there is nothing to suppress. Lastly, Government states that "the warrant's description of the defendant's 'residential and business address' is sufficiently 'particular' to overcome the 'potential ambiguity' between the two business address." *Id.* at 19.

The Court finds that the search warrant properly described the registered home and business address Defendant used at the time the agents executed the search. Based on the testimony of Agent Ivone, the proper home and business address was a 2243 address in Suffolk, Virginia. The evidence also shows that business advertisements, a business website, business contracts, and business cards properly showed that the agents searched the correct address listed in the search warrant. Even Agent Ivone testified that the proper zoning authorities told agents that the second address did not exist. Moreover, agents conducted and purchased firearms from the 2243 Suffolk address—Defendant's home and business address.

The Court finds that there is sufficient evidence to prove that a second physical address—specifically a 2247 address, in Suffolk, Virginia—does not exist. Defendant and his wife's attempt to invalidate the search warrant by changing the business address about a month after the execution of the search warrant does not invalidate the warrant Judge Leonard issued. The Court finds that Defendant's disingenuous argument that agents executed the warrant at the wrong address is erroneous because the search warrant reasonably described the locations and items the agents were to search and seize during the execution of the warrant. The agents' search and seizure of evidence in the home and business address listed in the search warrant was proper.

Thus, the search and seizure executed by the agents did not exceed the scope of the search warrant authorized by Magistrate Judge Leonard.

## CONCLUSION

The Court finds that the search and seizure agents conducted did not go beyond the scope of the search warrant Magistrate Judge Leonard authorized because (1) the minor date discrepancy did not undermine the Magistrate Judge's determination that probable cause existed to issue the search warrant; (2) evidence of another crime found on an electronic storage device should not be suppressed because the evidence found did not exceed the scope of the search and falls within the plain-view exception to the warrant requirement; and (3) Defendant's attempt to create a "second business" after the agents executed the warrant did not invalidate the search warrant at issue. For the reasons stated above, Defendant's Motion to Suppress is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and the United States Attorney.

      **IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
November 29 , 2017