

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**RICHARD ALLEN PATTERSON,**

Petitioner,

v.  Criminal No. 2:17-cr-00114 (01)

**UNITED STATES OF AMERICA,**

Respondent.

### *MEMORANDUM OPINION & ORDER*

Before the Court is Richard Allen Patterson's ("Petitioner") Motion for Compassionate Release ("Motion") pursuant to 18 U.S.C. § 3582(c)(1)(A). Pet'r's Mot. for Compassionate Release ("Comp. Release Mot."), ECF No. 213. The Government opposed the motion and Petitioner replied. Gov't's Resp. in Opp. to Comp. Release Mot. ("Resp. in Opp."), ECF No. 221; Pet'r's Reply to Gov't's Rep. in Opp. ("Pet'r's Reply"), ECF No. 225. This matter is now ripe for judicial determination. For the reasons below, Petitioner's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On May 2, 2018, Petitioner pled guilty to being a felon in possession of a firearm and obstruction of justice in violation of 18 U.S.C. §922(g)(1) and 18 U.S.C. § 1512(c)(2), respectively. Plea Hearing Note, ECF No. 98. On November 7, 2018, the Court sentenced Petitioner to 100 months of incarceration (for both counts, served concurrently), followed by three (3) years of supervised release. J. of Pet'r, ECF No. 128. As of the date of this opinion, Petitioner will be released in approximately eighteen (18) months and will have served approximately 60% of his mandatory-minimum sentence.[1] Resp. in Opp. at 18.

---

[1] *Find An Inmate*, FEDERAL BUREAU OF PRISONS (Feb. 15, 2022), https://www.bop.gov/inmateloc/ (listing Petitioner's release date as August 25, 2024).

On January 20, 2021, the Court issued a final order denying Petitioner's motion to vacate his conviction and sentence under 18 U.S.C. § 2255. Mem. Op. and Or. Re Mot. to Vacate, ECF No. 192. Petitioner appealed that decision to the United States Court of Appeals for the Fourth Circuit on February 16, 2021. Pet'r's App. of Jan. 20, 2021 Or., ECF No. 195. Petitioner's appeal is still pending.[2] *United States v. Richard Allen Patterson*, 2:17-CR-00114-RAJ-DEM-1 (E.D. Va. 2021), *appeal docketed*, No. 21-6248 (4th Cir. Feb. 16, 2021).

On June 30, 2021, Petitioner filed a *pro se* motion for compassionate release, which was filed again through counsel on September 23, 2021. Petitioner argues that the § 3553(a) factors weigh in favor of his release and that his medical conditions in light of COVID-19 warrant an extraordinary and compelling reason for his release. The Government opposes the motion, arguing that the §3553(a) factors weigh against release and that Petitioner has a decreased risk of contracting COVID-19 and suffering severe illness or death.

## II. LEGAL STANDARD

### A.  The Threshold Requirement

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the Bureau of Prisons ("BOP") bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from

---

[2] Under Federal Rule of Criminal Procedure 37(a), when confronted with a motion for compassionate release while an appeal on the underlying conviction is still pending, a court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). Consistent with Fed. R. Crim. P. 37(a)(2), the Court denies Petitioner's Motion.

2

the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes—one of which does not require exhaustion of administrative remedies."). In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding that petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)). Moreover, the threshold requirement is a non-jurisdictional claim-processing rule, which may be waived or forfeited if not timely raised. *Id.* at 129–30 (collecting cases from sister circuits holding the same).

**B.     The Compassionate Release Standard**

As amended by the FIRST STEP Act, a court may modify a term of imprisonment by motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the FIRST STEP Act was passed, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications.

U.S.S.G. § 1B1.13, n.1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n.1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

U.S.S.G. § 1B1.13 is now outdated, however, following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020); *see also United States v. Lisi*, 440 F. Supp. 3d 246, 250 (S.D.N.Y. 2020), *reconsideration denied*, No. 15 CR. 457 (KPF), 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release . . . [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts . . . ."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive."). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i). *McCoy*, 981 F.3d at 288 (holding that district courts have broad discretion in deciding whether extraordinary and compelling circumstances exist for compassionate release).

## III. DISCUSSION

### A. The Threshold Requirement

The Court finds that Petitioner exhausted his administrative remedies prior to bringing his motion with the Court. On May 10, 2021, Petitioner submitted a request for compassionate release to the BOP at FCI Petersburg Low. Resp. in Opp. at Ex. 2-4. On June 17, 2021, the Warden at FCI Petersburg Low denied Petitioner's request. *Id.* at Ex. 2-1. The parties agree that Petitioner has satisfied the threshold requirement. *Id.* at 4; Comp. Release Mot. at 5.

### B. Petitioner's Compassionate Release Request

The Court now turns to whether Petitioner has set forth extraordinary and compelling reasons to modify his sentence because of the grave risk COVID-19 poses to individuals with underlying health conditions. To establish an extraordinary and compelling reason for release in relation to COVID-19, a petitioner must show both a particularized susceptibility to the disease and a particularized risk of contracting the disease at their prison facility. *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (listing cases holding the same). Within this inquiry, courts consider the CDC's list of medical conditions most associated with severe COVID-19 complications; the petitioner's medical conditions, including the extent to which the conditions are being managed properly at their prison facility; and the severity of the ongoing COVID-19 outbreak at the petitioner's prison facility. *See e.g. id.* at 841–42 (acknowledging petitioner's higher risk of suffering COVID-19 complications due to his medical conditions but also finding that petitioner failed to show a particularized risk of contracting COVID-19); *Wilson v. Williams*, No. 4:20-cv-00794, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton), *vacated and remanded on other grounds*, No. 20-3547, 2020 WL 9813537 (6th Cir. Sept. 17, 2020). In

considering the factors above, in addition to the 18 U.S.C. § 3553(a) factors, Petitioner is not entitled to compassionate release.

### 1. *Petitioner has not proven extraordinary and compelling reasons for his release.*

While Petitioner has proven a particularized susceptibility to the disease, he has not established a particularized risk of contracting the disease at FCI Petersburg Low. According to the Centers for Disease Control and Prevention ("CDC"), individuals who have hypertension (high blood pressure), asthma, obesity, and heart conditions are at an increased risk of severe illness from COVID-19.[3] Petitioner's medical records reflect that, as of mid-2021, he has a history of hypertension, asthma, and heart complications. Comp. Release Mot. at Ex. A. While Petitioner claims to be obese, this condition is not fully supported by his medical records. *Compare* Comp. Release Mot. at 1 ("Mr. Patterson is a fifty-year old man who suffers from obesity . . . .") *with id.* at Ex. A-15 (stating that Petitioner is not obese).

But even if Petitioner has all of the increased-risk conditions discussed above, it is evident that Petitioner's conditions are being properly managed at FCI Petersburg Low, where—as of February 16, 2022—zero inmates and only one staff member are currently positive for COVID-19.[4] *See United States v. Woolridge*, No. 3:09cr156 (DJN), 2021 WL 415131, at *5 (E.D. Va. Feb. 5, 2021) (finding no particularized risk where there were only eight active cases of COVID-19 at petitioner's facility); *see also United States v. Wilkins*, No. 7:17-cr-407-JMC-1, 2021 WL 194311, at *3 (D.S.C. Jan. 20, 2021) (finding no particularized risk where there were only ten active cases at the petitioner's facility). Petitioner's medical records reflect that he receives the medication and other treatment required for his conditions as needed, and Petitioner does not argue that his

---

[3] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Feb. 15, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[4] *COVID-19 Cases*, FEDERAL BUREAU OF PRISONS (Feb. 16, 2022), https://www.bop.gov/coronavirus/index.jsp.

conditions are not being properly managed. Comp. Release Mot. at Ex. A. Petitioner is also vaccinated, and thus, less likely to suffer severe illness should he contract the virus.[5]

Moreover, Petitioner has failed to show a particularized risk of contracting COVID-19 at FCI Petersburg Low or that he would be at less risk of contracting COVID-19 if he was released. Petitioner proposes living with his father in Isle Wight County, Virginia (Smithfield), which has an average of seven new COVID-19 cases a day.[6] Petitioner also fails to acknowledge that if he is released from federal custody, he will be transferred to state custody to serve a two-and-a-half year sentence for an unrelated felony offense. Comp. Release Mot. at Ex. B. For these reasons, Petitioner has failed to show a particularized risk of contracting COVID-19 at his facility, and therefore, has failed to establish an extraordinary and compelling reason for his release.

### 2.    *The § 3553(a) factors do not favor Petitioner's release.*

The nature and circumstances of Petitioner's offense; the history and characteristics of Petitioner; and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crime do not favor release. *See* 18 U.S.C. § 3553.

First, Petitioner has an extensive criminal history. He has been convicted of impersonating a police officer, contributing to the delinquency of a minor, petit and grand larceny, assault and battery, making a false statement, forgery, disturbing the peace, trespassing, destroying property, perjury, and other offenses. Presentencing Report ("PSR"), ECF No. 116 at ¶¶ 52–66. Furthermore, in the instant offense, Petitioner (as a convicted felon) engaged in very serious criminal conduct by stockpiling various firearms at his residence, then enlisting his wife and

---

[5] *When You've Been Fully Vaccinated*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Oct. 15, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html.
[6] *Isle of Wight County, Virginia Covid Case and Risk Tracker*, NEW YORK TIMES (Feb. 18, 2022), https://www.nytimes.com/interactive/2021/us/isle-of-wight-virginia-covid-cases.html.

daughters to perjure themselves and obstruct justice to hide his criminal activity. Statement of Facts ("SOF"), ECF No. 100. Moreover, there is video evidence of Petitioner and his wife engaging in bestiality during Petitioner's pre-trial release on a previous felony offense. PSR ¶ 71.

Second, releasing Petitioner after he has completed only approximately 60% of his sentence would be inconsistent with the sentencing considerations under 18 U.S.C. §3553 given the seriousness of Petitioner's offense and the need for a just sentence that protects the public, deters Petitioner from further offense, and promotes respect for the law. *United States v. Spencer*, 521 F. Supp. 3d 606, 612 (E.D. Va.), aff'd, 853 F. App'x 833 (4th Cir. 2021) (denying compassionate release in part because petitioner had "served only about sixty percent of his sentence for a very serious offense"). Petitioner argues that the § 3553 factors weigh in favor of Petitioner's release and subsequent relocation to Smithfield, Virginia to live with his father. Comp. Release Mot. at 24. Petitioner makes no argument, however, as to how living with his father will reduce the likelihood of him committing again the same or a similar offense for which his is currently incarcerated. *See e.g. Coleman v. United States*, 465 F. Supp. 3d 543, 550 (E.D. Va. 2020) (denying compassionate release where the court had no "confidence" that the defendant's release plan would prevent a subsequent offense). *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (denying motion for compassionate release in part because the petitioner committed his offense while at home and was seeking home confinement).

And finally, the Court acknowledges Petitioner's rehabilitation efforts but maintains that the totality of the § 3553 factors weigh against release. Since being incarcerated on the underlying offense, Petitioner has not incurred any disciplinary infractions and has participated in several religious studies, substance abuse, and anger management programs. Comp. Release Mot. at Ex. B. Petitioner also argues that he has a history of complying with supervised release conditions.

Pet'r's Reply at 8–9. Evidence of rehabilitation and adherence to court-imposed conditions alone, however, do not warrant compassionate release. *See e.g. United States v. High*, 997 F.3d 181, 190 (4th Cir. 2021) (holding that petitioner who did not have any disciplinary infractions and had completed substance abuse and wellness courses did not engage in "exceptional post-sentencing conduct" warranting release). Therefore, in consideration of the § 3553 factors, Petitioner has failed to prove that he is entitled to relief.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Compassionate Release is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
February 28, 2022

/s/
Raymond A. Jackson
United States District Judge